# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

Sandra Cleghorn

v.

CIVIL ACTION NO. C-00- United States District Court
Southern District of Texas
**FILED**

Yeamans, Inc.

**MAR 1 7 2000**

## ORDER FOR CONFERENCE
## AND
## DISCLOSURE OF INTERESTED PARTIES

Michael N. Milby, Clerk

1.  Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before:
    The Honorable Janis Graham Jack
    on  <u>Monday April 17, 2000</u>, at <u>1:15  p.m.</u>
    in the Third Floor Courtroom
    United States District Courthouse
    521 Starr Street
    Corpus Christi, Texas

2.  Counsel shall file with the clerk within 15 days from receipt of this order a certificate listing all persons, associations of persons, firms, partnership, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded.</u> If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.  Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.  After the parties meet as required by Fed. R. Civ. P. Rule 26(f), counsel shall prepare and file not less than 10 days before the conference a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.  The court will enter a scheduling order and may rule on any pending motions at the conference.

6.  Counsel who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

7.  Attendance by an attorney who has authority to bind the party is required at the conference.

8.  Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the court of the results of their discussion.

9.  A person litigating <u>pro se</u> is bound by the requirements imposed upon counsel in this Order.

10. Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

*By Order of the Court*

Rev. 7/98

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| /// | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. C-** |
| | § | |
| /// | § | |
| **Defendant** | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

#### Please restate the instruction before furnishing the information

1.      State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.

2.      List the cases related to this one that are pending in any state or federal court, with the case number and court.

3.      <u>Briefly</u> describe what this case is about.

4.      Specify the allegation of federal jurisdiction.

5.      Name the parties who disagree and the reasons.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.      List anticipated interventions.

8.      Describe class-action issues.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10.     Describe the proposed agreed discovery plan, including:

        A.      Responses to all the matters raised in Rule 26(f).
        B.      When and to whom the plaintiff anticipates it may send interrogatories.
        C.      When and to whom the defendant anticipates it may send interrogatories.
        D.      Of whom and by when the plaintiff anticipates taking oral depositions.
        E.      Of whom and by when the defendant anticipates taking oral depositions.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (expert report).

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

13.     State the date the planned discovery can reasonably be completed.

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

16.     From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.     Magistrate judges may hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.

18.     State whether a jury demand has been made and if it was made on time.

19.     Specify the number of hours it will take to present the evidence in this case

20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.     List other pending motions.

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

23.   Certify that all parties have filed Disclosures of Interested Parties as directed in the
      Order of Conference and Disclosure of Interested Parties, listing the date of filing for
      original and any amendments.

24.   List the names, bar numbers, addresses, and telephone numbers of all counsel.

_____        _____

**Counsel for Plaintiff(s)**                              **Date**

_____        _____

**Counsel for Defendant(s)**                             **Date**

**Rev. 7/98**

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| Sandra Cleghorn | § | |
| | § | |
| V. | § | Civil Action No. C-00-114 |
| | § | |
| Yeamans, Inc. | § | |

## SCHEDULING ORDER

1.    **TRIAL IS SET FOR _____ Friday, March 2, 2001 at 8:00 a.m. _____**, before Judge Janis Graham Jack at the United States District Court, 521 Starr Street, Corpus Christi, Texas.  If the parties prepare this case for trial sooner than this date, a final pretrial order may be prepared and filed with a joint motion stating that the case is ready for trial and that an earlier trial date is requested.

2.    **FINAL PRETRIAL CONFERENCE IS SET FOR Thursday, March 1, 2001    at 8:30 a.m.,** before Judge Janis Graham Jack at the United States District Court, 521 Starr Street, Corpus Christi, Texas.  The attorney-in-charge for each party is required to be present.

3.    **THE ORIGINAL AND ONE COPY OF YOUR JOINT PRETRIAL ORDER SHALL BE FILED NO LATER THAN __ Monday, February 19, 2001 by 3:00 p.m. __.**  This satisfies the requirement of FRCP 26 (a)(3). Plaintiff will be responsible for the filing of a joint pretrial order, executed by the attorney-in-charge for each party, and conforming fully with the form set out in Appendix B of the Local Rules of the Southern District of Texas (1994).  Plaintiff shall allow all parties at least **fifteen (15) working days** for review and contribution.  A motion for leave to file a joint pretrial order without the signature of all counsel must be made, showing good cause, to obtain authority to file a pretrial order without all required signatures.  Differences of the parties with respect to any matter relevant to a pretrial order will be set forth in the joint pretrial order at the ap-

propriate place.  Willful or indifferent failure to submit a well-prepared joint pretrial order in a timely fashion or to respond to its completion is cause for dismissal in the case of Plaintiff, or in the case of Defendant, is cause for default.

4.    **EXCEPT FOR GOOD CAUSE SHOWN, THE DEADLINE FOR FILING DISPOSITIVE MOTIONS IS    December 15, 2000    .** Failure to respond timely will be considered by the Court as if the motion is unopposed, and the motion may be granted.  Legal memoranda greater in length than 25 pages will **NOT** be filed without leave of Court.  No reply to the opposition to a motion will be filed by movant without leave of Court on good cause.

5.    The provisions of the **JOINT DISCOVERY/CASE MANAGEMENT PLAN** are hereby adopted.

6.    **THE DEADLINE FOR JOINDER OF PARTIES IS   June 31, 2000    .  THE DEADLINE FOR AMENDMENT OF PLEADING IS   September 29, 2000  .** This provision does not relieve the parties from obtaining leave to file pleading or add parties whenever required by the Federal Rules of Civil Procedure.

7.    Discovery shall end on    **December 29, 2000**    . **DESIGNATION OF EXPERTS,** by all parties, are due **40 DAYS** prior to the Discovery deadline. **RESPONSIVE EXPERTS** are due **20 DAYS** prior to the Discovery deadline.  Responsive experts will not be limited to rebuttal testimony.  **Written Reports** that fully comply with Federal Rules of Civil Procedure 26 (a)(2)(B)  shall be due at the time of designation of each expert.  Parties are ordered to file only proposed witnesses with Court, pursuant to Federal Rules of Civil Procedure 26, but **NOT** reports or other discovery materials. Hearings on expert testimony and/or qualifications (i.e. Daubert and Markman) shall be requested no later than the deadline for discovery.

8.    All pleading, motions, briefs, memoranda, and requests for affirmative relief will be directed to the Court, **IN PLEADING FORM,** not correspondence form, through the United States District Clerk:

United States District Clerk
521 Starr Street
Corpus Christi, TX 78401

You are requested **NOT** to use the informality of letter briefs, letters citing authorities, or letters requesting continuances or other affirmative relief.  Additionally, do not copy the Court on letters between the parties.

ORDERED this _____ day of _____, 20___.

_____
**JANIS GRAHAM JACK**
**UNITED STATES DISTRICT JUDGE**

Rev. 1/98